IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | CR-09-72-GF-DLC-RKS-01 |
|---|---|
| Plaintiff, | **FINDINGS AND RECOMMENDATION TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| vs. | |
| MALCOLM A. GOOD BIRD, | |
| Defendant. | |

## I. Synopsis

Defendant Malcolm Good Bird was charged with violating the conditions of his supervised release by committing a local crime, failing to comply with his probation officer's instructions, failing to notify his probation officer prior to a change in residence, failing to participate in substance abuse treatment, and consuming alcohol. He admitted to the violations. Mr. Good Bird's supervised release should be revoked, and he should be sentenced to six months imprisonment, to be followed by 30 months supervised release.

1

## II. Status

Mr. Good Bird pled guilty in 2009 to Assault Resulting in Serious Bodily Injury. CD 22. The offense consisted of Mr. Good Bird striking someone in the head with a bottle while intoxicated. CD 17. He was sentenced in December 2009 to 48 months imprisonment, to be followed by three years supervised release. CD 27. Mr. Good Bird's term of supervised release began on February 5, 2013. CD 29.

**Petition**

The United States Probation Office filed a petition on May 13, 2013, asking the court to revoke Mr. Good Bird's supervised release. CD 29. The petition alleged that Mr. Good Bird violated five conditions of his supervised release by 1) being convicted under the Fort Peck Tribal Code of driving while intoxicated, in violation of the Preamble to the Standard conditions, which prohibits commission of a crime; 2) failing to maintain weekly contact with his probation officer as instructed, in violation of Standard Condition #3; 3) changing his place of residence without informing his probation officer, in violation of Standard Condition #6; 4) failing to initiate substance abuse treatment, in violation of Special Condition #2; and 5) consuming alcohol, in violation of Special Condition #4.

Based on the petition, the undersigned issued a warrant for Mr. Good Bird's arrest. CD 30. The case was reassigned to the Hon. Dana L. Christensen, and referred to the undersigned for Findings and Recommendations.

**Initial appearance**

Mr. Good Bird was arrested on May 14, 2013. CD 34. He made an initial appearance before the undersigned on May 16, 2013, in Great Falls, Montana. Mr. Good Bird was accompanied by Federal Defender R. Henry Branom, who was appointed to represent Mr. Good Bird. The United States was represented by Assistant U.S. Attorney Ryan Weldon. The undersigned explained that Findings and Recommendations would be submitted to Judge Christensen, who would whether to revoke Mr. Good Bird's supervised release and what sentence (if any) to impose. Mr. Good Bird was advised of his right to appear and allocute before Judge Christensen, and of the need to properly object to the Findings and Recommendations to preserve that right.

Mr. Good Bird stated that he had read the petition and understood the allegations. He waived his right to a preliminary examination. Mr. Weldon stated that Mr. Good Bird faced a maximum prison sentence of 24 months if his supervised release is revoked. Mr. Branom agreed.

Mr. Branom stated that Mr. Good Bird wished to proceed immediately to a

revocation hearing. Mr. Weldon was prepared, so the hearing commenced.

**Revocation hearing**

Mr. Good Bird appeared at the revocation hearing with Mr. Branom. Mr. Weldon represented the United States. Mr. Good Bird admitted to the violations alleged in the petition. The undersigned found that the admission established violations, and that the violations warrant revocation.

The undersigned calculated that Mr. Good Bird's violation grade is C, his criminal history category is I, and the underlying offense is a class C felony. Under those circumstances, the maximum prison sentence is 24 months, and the U.S. Sentencing Guideline recommendation is three to nine months. The maximum term of supervised release to which Mr. Good Bird could be sentenced is 36 months, less any custodial time imposed. Mr. Weldon and Mr. Branom agreed with those calculations.

Mr. Branom requested a sentence at the low end of the guideline range. He argued that Mr. Good Bird had been unprepared for re-entry into the community, and adjusted poorly to the new freedom. Mr. Good Bird failed to appreciate that supervised release continued to impose significant obligations and restrictions on him. Mr. Branom said that Mr. Good Bird now understands what supervised release entails, and will be better prepared to comply with its conditions in the

future.

Mr. Good Bird addressed the court. He said that he had seen many people who return to prison again and again throughout their lives. He said that he does not want to become one of those people. The undersigned reminded Mr. Good Bird that he also may allocute to Judge Christensen if he files objections to the Findings and Recommendations.

Mr. Weldon requested a sentence within the guideline range. Mr. Weldon noted that Mr. Good Bird violated his conditions almost immediately. Mr. Weldon also pointed out that two of the violations were directly related to alcohol consumption, which is a concern because the underlying offense was a violent crime precipitated by alcohol consumption.

### III. Analysis

Based on Mr. Good Bird's admitted violation of five of his supervised release conditions, his supervised release should be revoked. Mr. Good Bird violated numerous conditions promptly upon his release. Some of Mr. Good Bird's violations consisted of willfully ignoring simple requirements, demonstrating a lack of respect for court orders. Others involved drinking and driving, which directly endangered the community.

Because the violations were blatant, serious, and almost immediate, Mr.

5

Good Bird should be incarcerated. A six-month sentence is sufficient, considering this is his first violation and Mr. Good Bird's professed what appeared to be a sincere desire to live in compliance with the law when he allocuted. Six months is not excessive, considering the nature and number of violations.

Mr. Good Bird should be sentenced to an additional 30 months supervised release, with the same conditions that were previously imposed (fully set forth in the attached Judgment). The undersigned believes that Mr. Good Bird's tendency to abuse alcohol poses a serious danger to the community and to himself. The maximum term of supervised release will help him to address his substance abuse issues, and will provide a measure of protection to the community.

### IV. Conclusion

The undersigned explained to Mr. Good Bird that the above sentence would be recommended to Judge Christensen. Mr. Good Bird was reminded that he has a right to appear and allocute before Judge Christensen. The undersigned instructed Mr. Good Bird that may object to these Findings and Recommendations within 14 days of their issuance, and must do so to preserve his right to allocute before Judge Christensen.

The Court makes the following **FINDING:**

1. Mr. Good Bird violated the Preamble to the Standard Conditions of his supervised release by driving under the influence of alcohol, in

violation of Fort Peck Tribal Code Title XVII, Section 107.

2. Mr. Good Bird violated Standard Condition #3 of his supervised release by failing to follow his probation officer's instruction to maintain weekly phone contact with the officer.

3. Mr. Good Bird violated Standard Condition #6 of his supervised release by changing his place of residence without providing notice to his probation officer.

4. Mr. Good Bird violated Special Condition #2 of his supervised release by failing to participate in substance abuse treatment.

5. Mr. Good Bird violated Special Condition #4 of his supervised release by consuming alcohol.

The Court makes the following **RECOMMENDATION:**

1. The District Court should enter the attached Judgment, revoking Mr. Good Bird's supervised release and committing Mr. Good Bird to the custody of the United States Bureau of Prisons for six months, to be followed immediately by 30 months supervised release.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in

whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 20th day of May, 2013.

Keith Strong
United States Magistrate Judge